CHIEF JUSTICE GRAY,
dissenting.
¶34 I respectfully dissent from the Court's opinion. I agree with the Court that the issue before us is whether the District Court erred when it affirmed the Commission's conclusion that Butterfield is not disabled or regarded by his employer as disabled. I also agree that the law cited by the Court is correct. I submit, however, that the Court attributes to the hearing examiner findings never made and ignores findings actually made. A proper analysis of the law and the record in this case requires this Court to affirm the District Court. I would do so.
¶35 With regard to the hearing examiner's findings, they do not include-as the Court would have the reader believe-a finding that Butterfield is disabled. The hearing examiner did make extensive findings of fact. He followed those findings with an Opinion containing his legal analysis, concluding therein that Butterfield was disabled and that he was regarded as disabled by the School District. These are the conclusions the Commission determined were incorrect as a matter of law. They also are the conclusions the District Court determined were incorrect as a matter of law in affirming the Commission's decision on judicial review. In my opinion, as discussed below, the Commission and the District Court were correct.
¶36 The Court also states that the hearing examiner “found that [Butterfield] is significantly restricted in the ability to perform that class of jobs which requires heavy physical labor, or at least that his employer regarded him as so restricted.” While such a finding, if supported by substantial evidence, would mandate a conclusion that Butterfield is disabled, the fact is that no such finding is contained in the hearing examiner's extensive findings of fact.
*187 ¶37 With regard to other findings, the Court is correct that Butterfield received releases to return to work in June and July, with restrictions from Dr. Cooper of no heavy lifting, limited back movement and limited use of his left shoulder, and with restrictions from Dr. BenYoussef from heavy lifting and lifting with his left shoulder and to light duty back movement. Important findings omitted by the Court are that Dr. Cooper modified his release of Butterfield to return to work in August of 1997, defining no heavy lifting as “over approximately 50 pounds” and that, while Butterfield continued to maintain he could perform his job within the restrictions, the School District believed “he could not perform the essential functions of his job” (Emphasis added.) Thereafter, and on the basis that Butterfield could not perform his job, the School District effectively terminated his employment.
¶38 Turning, then, to an analysis of the case before us, we all agree that, to succeed with his claim of employment discrimination, Butterfield must establish he has a physical disability, that is, a physical impairment that substantially limits one or more of his major life activities or a condition regard by the School District as such an impairment. See § 49-2-101(19)(a), MCA. We also agree that he can meet this standard only by proving that his impairment precludes him from either a class of jobs or a broad range of jobs in various classes. See Thompson v. Holy Family Hosp. (9th Cir. 1997), 121 F.3d 537, 540. The Commission concluded Butterfield did not meet his burden and the District Court affirmed. The judicial standard of review of an agenfcy's conclusion of law on a mixed question of law and fact is whether the determination is correct. Maguire v. State (1992), 254 Mont. 178, 182, 835 P.2d 755, 757-58.
¶39 On a careful review of the record before us, it is irrefutable that Butterfield has not established the elements of his cause of action against the School District. It is not disputed that Butterfield has a “bad back.” It also is not disputed that the School District effectively terminated Butterfield's employment because it believed his back condition left him unable to perform his job. As set forth above, however, this is not enough to establish employment discrimination based on physical disability.
¶40 An employer does not necessarily regard an employee as disabled simply by finding the employee incapable of satisfying the demands of a particular job. Hafner, 268 Mont. at 402, 886 P.2d at 951 (citation omitted). Pursuant to the “substantially limits” a major life activity element contained in § 49-2-101(19)(a), MCA, and in the EEOC Interpretative Guidelines on which the Court relies, Butterfield must establish that he is precluded from a class of jobs or a broad range of jobs. The record is clear in this case that he has not done so. Indeed, the hearing examiner's findings contain nothing which could be stretched to even relate to this requirement. Moreover, it is not surprising that Butterfield did not make this showing; his position *188 from the outset of his back-related problems at work through the time the School District terminated his employment and afterwards was that he could perform his job. Illustrative of his position is Butterfield's testimony at the agency hearing on his claim that, after leaving the School District, he sought a variety of jobs which were as physically demanding as his former job with the School District and felt he could do the work.
¶41 The Court cites to no finding actually made by the hearing examiner in this regard. The purported “finding” on which the Court relies-that Butterfield “is significantly restricted in the ability to perform that class of jobs which requires heavy physical labor, or at least that his employer regarded him as so restricted”-does not appear in the findings of the hearing examiner. In addition, while the EEOC Interpretative Guidelines quoted by the Court include as an example that an individual with a back condition that prevents the individual from performing any heavy labor job would be substantially limited in the major life activity of working because the physical condition eliminates the ability to perform a class of jobs, the critical language is “a back condition that prevents the individual from performing any heavy labor job” (Emphasis aded.) The guideline does not state, imply or even suggest that every “back condition” prevents an individual from performing any heavy labor job. That is the very proof a plaintiff like Butterfield must bring forward and it is the very proof which in this case simply was not presented.
¶42 Finally, the present case is not “practically indistinguishable” from Hafner. There, as the Court points out, the personnel director testified that the plaintiff could not perform the position at issue and “could not be considered for further employment.” No such evidence in support of the “substantially limits” element was outlined in any finding by the hearing examiner in the present case. Indeed, as noted above, the School District terminated Butterfield because he could not perform his job. Such a determination does not equate to the School District regarding Butterfield as disabled. See Hafner, 268 Mont. at 402, 886 P.2d at 951 (citation omitted). The inability to perform one particular job, which is all Butterfield has established here, does not constitute a substantial limitation in the ability to perform a class of jobs. See Thompson, 121 F.3d at 540.
¶43 The District Court concluded Butterfield did not establish a case of employment discrimination based on physical disability. The District Court was correct, and I would affirm. I dissent from the Court's failure to do so.
JUSTICES NELSON and RICE join in the foregoing dissenting Opinion.